IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

_____

NATIONWIDE MUTUAL INSURANCE
COMPANY,

    Plaintiff,

Case No. 09-CV-14258-JEM

vs.

LANG MANAGEMENT, INC.,

    Defendant.

_____

**NATIONWIDE MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN
<u>SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>**

    Gary F. Baumann
    FULMER, LeROY, ALBEE, BAUMANN &
    GLASS
    2866 East Oakland Park Boulevard
    Fort Lauderdale, FL  33306

        -and-

    Paul T. Sullivan
    Catherine M. Colinvaux (*Pro Hac* admission pending)
    Christine T. Phan
    ZELLE HOFMANN VOELBEL & MASON LLP
    950 Winter Street
    Suite 1300
    Waltham, MA 02451

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

FACTUAL BACKGROUND....................................................................................................1

ARGUMENT .........................................................................................................................3

      I.      Summary Judgment is Mandated Where, As Here, There is No Genuine Dispute of Material Fact and Nationwide is Entitled to Judgment as a Matter of Law....................................................................................4

      II.     The Total Pollution Exclusion Bars Coverage for the Underlying Suit. ..................5

            A.     Nationwide Does Not Have a Duty to Defend Lang Because the Claims in the Underlying Complaint are Excluded From Coverage by the Unambiguous Terms of the Total Pollution Exclusion....................................................................................................5

            B.     Nationwide Has No Duty to Indemnify Lang. .............................................8

CONCLUSION.......................................................................................................................8

## **TABLE OF AUTHORITIES**

### **Federal Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................................. 4, 5

*Lawyer Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575 (11th Cir. 1995) ......................... 5

*Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325 (S.D. Fla. 2006) ..................................... 5, 6, 8

*Philadelphia Indem. Ins. Co. v. Yachtsman's Inn Condo Assoc., Inc.*,
595 F. Supp. 2d 1319 (S.D. Fla. 2009) ................................................................................ 4, 5, 8

*WPC Industrial Contractors Ltd. v. Amerisure Mut. Ins. Co.*,
660 F. Supp. 2d 1341 (S.D. Fla. 2009) ..................................................................................... 4, 7

### **State Cases**

*Deni Associates of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*,
711 So. 2d 1135 (Fla. 1998) ......................................................................................................... 6

*Federal Ins. Co. v. Applestein*, 377 So. 2d 229 (Fla. 3d Dist. Ct. App. 1979) ............................... 6

### **Rules**

FED. R. CIV. P. 56(c) ....................................................................................................................... 4

FED. R. CIV. P. 56(e)(2) .................................................................................................................. 4

ii

## INTRODUCTION

Nationwide Mutual Insurance Company ("Nationwide") seeks a declaration that it does not have a duty to defend and indemnify Lang Management, Inc. ("Lang") in connection with the lawsuit captioned *HFM, Inc. d/b/a Legacy Golf & Tennis Club, Inc. v. Lake & Wetland Management, Inc.*, No. 562009CA003319 (Fla. Cir. Ct.) (the "Underlying Suit"). The Underlying Suit alleges that the Legacy Golf Course is contaminated with the hazardous substance Diuron, a powerful chemical herbicide, which allegedly was improperly used to treat the irrigation lakes for the course. Nationwide is entitled to entry of summary judgment because the relief sought by the underlying plaintiffs falls squarely within the Total Pollution Exclusion contained in the Nationwide Policies.[1]

## FACTUAL BACKGROUND

Nationwide's insured, Lang, was hired by the PGA Property Owners' Association ("PGA") to manage the grounds at the Legacy Golf Course. Statement of Undisputed Facts ¶¶ 3, 4 (hereinafter "SUF"). The Legacy Golf Course is owned and operated by HFM, Inc. d/b/a Legacy Gold & Tennis Club, Inc. ("Legacy"). SUF ¶ 2. As part of its management duties, Lang hired Lake & Wetland Management ("Lake & Wetland") in October 2008 to service the lakes in and around the Legacy Golf Course. SUF ¶ 5.

In October 2008, the grass on the Legacy Golf Course began to die. SUF ¶ 11. On April 23, 2009, Legacy filed the underlying suit against PGA, Lang and others, alleging that Lake & Wetland had used the chemical Diuron in the lakes around the Legacy Golf Course. *HFM, Inc. d/b/a Legacy Golf & Tennis Club, Inc. v. Lake & Wetland Management, Inc.*, No. 562009CA003319 (Fla. Cir. Ct.) (the "Underlying Suit"); SUF ¶ 1. Diuron is a "powerful, broad-

---

[1] Nationwide expressly reserves its rights with respect to all of the terms, conditions and limits of the Nationwide Policies at issue. *See* SUF ¶¶ 23, 24.

spectrum herbicide" which is toxic to humans, animals and plant life. SUF ¶¶ 6, 7. The complaint in the Underlying Suit characterizes Diuron as "improper for use in or around surface waters." SUF Exhibit A (hereinafter the "Underlying Complaint"); SUF ¶ 9. Legacy alleges that because these lakes were the water source for the Legacy Golf Course's irrigation system, Diuron-contaminated water was discharged on the tees, greens, fairways, berms, bunkers, and other parts of the Legacy Golf Course and as a result, by the end of December 2008, the grass on the greens had been destroyed. SUF ¶¶ 8, 10, 13. Legacy also alleges that testing conducted in December 2008 confirmed Diuron contamination of the soil and water at the Legacy Golf Course. SUF ¶ 12.

In the Underlying Suit, Legacy is seeking the costs associated with the damage to the Legacy Golf Course caused by the Diuron contamination, including the complete remediation and renovation of the property damage to the golf course, the loss of club membership dues, the cost of retaining experts, the loss of value to the property, and loss of use of the property. SUF ¶ 14. The Underlying Complaint does not allege any potential cause for the damage to the grass other than the application of the chemical Diuron. *See* Underlying Complaint, SUF Exhibit A.

Nationwide insured Lang under a commercial general liability insurance policy and a commercial umbrella liability the policy for the policy period from February 17, 2008 to February 17, 2009 (collectively, the "Nationwide Policies"). SUF ¶ 16. The Nationwide Policies contain a Total Pollution Exclusion, which excludes coverage for:

> f. Pollution
>
> (1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
>
> \* \* \*
>
> (2) Any loss, cost or expense arising out of any:

2

> (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or asses the effects of "pollutants;" . . .

(the "Total Pollution Exclusion").[2] SUF ¶ 17. The Nationwide Policies define "pollutant" to include "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fume, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." SUF ¶ 18.

Lang was also an additional insured under a liability policy issued by Praetorian Specialty Insurance Company ("Praetorian") to PGA. SUF ¶ 19. In *Praetorian Specialty Ins. Co. v. PGA Village Prop. Owners' Assoc., Inc.*, No. 09-14196-Civ (S.D. Fla.) (the "Praetorian Action"), Praetorian and Lang cross-moved for summary judgment regarding Praetorian's duty to defend PGA and Lang in connection with the very same Underlying Suit. SUF ¶ 20. District Judge Donald L. Graham granted Praetorian summary judgment holding that it had no duty to defend or indemnify PGA and Lang because the pollution exclusion in the Praetorian policy barred liability coverage for all the claims made in the Underlying Suit. SUF Exhibit I (hereinafter "Praetorian Order"); SUF ¶ 22.

## ARGUMENT

In the Praetorian Action, this Court determined that: a) there was "no dispute that the chemical Diuron is a pollutant"; b) all claims in the Underlying Suit "arise out of" the use of Diuron in the irrigation lakes; and c) the pollution exclusion at issue accordingly barred coverage for the claims in the Underlying Suit.[3] *See* Praetorian Order, SUF Exhibit I. The Total Pollution

---

[2] The Nationwide Commercial Umbrella Policy follows form to the Primary Commercial General Liability Policy. .SUF ¶ 17.

[3] Like the Nationwide Policies at issue in this case, the Praetorian Policy contains an exclusion for:

> f. Pollution

3

Exclusion in the Nationwide Policies similarly precludes coverage for the claims in the Underlying Suit. As a result, the Court should enter judgment declaring that Nationwide does not have a duty to defend or indemnify Lang in connection with the Underlying Suit.

**I.      Summary Judgment is Mandated Where, As Here, There is No Genuine Dispute of Material Fact and Nationwide is Entitled to Judgment as a Matter of Law.**

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate when the court finds that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." While the movant bears the initial burden of showing that there are no genuine issues of material fact, once the movant bears its burden, the non-moving party must demonstrate that a genuine issue of material fact exists. *Philadelphia Indem. Ins. Co. v. Yachtsman's Inn Condo Assoc., Inc.*, 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009). The non-moving party cannot meet its burden merely by asserting that an issue exists; it must instead set out specific facts showing a genuine issue for trial. FED. R. CIV. P. 56(e)(2); *Yachtsman's Inn*, 595 F. Supp. 2d at 1322. "A mere 'scintilla' of evidence supporting the [nonmovant's] position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *WPC Industrial Contractors Ltd. v. Amerisure Mut. Ins. Co.*, 660 F. Supp. 2d 1341, 1344 (S.D. Fla. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). If the non-

---

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

(a) At or away from any premises, site or location which is or was at any time owned or occupied by . . . any insured . . .

\* \* \*

(d) At or away from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor . . .

SUF Exhibit F. The slight differences in the wording of the Praetorian pollution exclusion and the Nationwide Pollution Exclusion are immaterial for the purposes of this case.

moving party provides evidence that "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (1986).

Insurance contract interpretation is a question of law and thus should be decided by the court. *Lawyer Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995); *Yachtsman's Inn*, 595 F. Supp. 2d at 1322. Whether an insurer has a duty to defend or indemnify under an insurance policy is a question of law properly falling within the purview of this Court to decide by way of summary judgment. *See*, *e.g.*, *Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325 (S.D. Fla. 2006). In Florida, insurance policies are construed in accordance with the plain meaning of their terms. *Yachtsman's Inn*, 595 F. Supp. 2d at 1323. When the policy language is plain and unambiguous, the policy will be given the meaning it clearly expresses." *Id.*

## II. The Total Pollution Exclusion Bars Coverage for the Underlying Suit.

### A. Nationwide Does Not Have a Duty to Defend Lang Because the Claims in the Underlying Complaint are Excluded from Coverage by the Unambiguous Terms of the Total Pollution Exclusion.

Determining whether the duty to defend exists requires only an examination of the facts and legal theories advanced in the pleadings and claims against the insured. *JDC (America) Corp.*, 52 F.3d at 1580; *Yachtsman's Inn*, 595 F. Supp. 2d at 1322; Praetorian Order, SUF Exhibit I at 5. The duty to defend arises "when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." *JDC (America) Corp.*, 52 F.3d at 1580 (internal citations omitted); Praetorian Order, SUF Exhibit I at 5. Accordingly, to determine whether an insurer has a duty to defend, a court must apply the language of the policy at issue to only the facts alleged in the underlying complaint. *Yachtsman's Inn*, 595 F. Supp. 2d at 1322-23; Praetorian Order, SUF Exhibit I at 5-6. Thus, "[t]he actual facts of the situation are not pertinent"

5

in determining whether there is a duty to defend. *Federal Ins. Co. v. Applestein*, 377 So. 2d 229, 233 (Fla. 3d Dist. Ct. App. 1979).

The pollution damage alleged in the Underlying Complaint falls squarely within the plain language of the Total Pollution Exclusion. Tracking the definition of "pollutant" in the Nationwide Policies, the Underlying Complaint characterizes Diuron as a "chemical" that "contaminated" water in lakes. SUF ¶ 6. Furthermore, the Total Pollution Exclusion bars coverage for "property damage" which would not have occurred in whole or in part "but for" the "discharge, dispersal, seepage, migration, release or escape of Pollutants." SUF ¶ 17. The Underlying Complaint alleges that when Diuron-contaminated water was discharged onto the Legacy Golf Course via an irrigation system, the greens "deteriorate[d] rapidly." SUF ¶ 11. In addition, the Underlying Complaint alleges that the grass and soil were "contaminated" with Diuron when it was sprayed with water from the irrigation lake, indicating that Diuron seeped into the grass and soil. SUF ¶ 12.

Under clear and convincing Florida law, the Total Pollution Exclusion applies to bar coverage for the claims against Lang in the Underlying Suit. In its seminal case interpreting the pollution exclusion, the Florida Supreme Court noted that "[a] substantial majority of . . . courts have concluded that the pollution exclusion is clear and unambiguous so as to preclude coverage for all pollution related liability." *Deni Associates of Fla., Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So. 2d 1135, 1137-38 (Fla. 1998).   Florida courts have broadly applied pollution exclusions in a variety of contexts, encompassing a wide-range of pollutants: "We cannot accept the conclusion reached by certain courts that because of its ambiguity the pollution exclusion clause only excludes environmental or industrial pollution." *Deni*, 711 So. 2d at 1138 (ammonia and pesticides are pollutants); *see also Waserstein*, 424 F. Supp. 2d at 1334-35 (living organisms,

6

microbial populations, airborne contaminants, indoor allergens are pollutants); *WPC Industrial Contractors*, 660 F. Supp. 2d at 1344 (raw sewage, feces, battery acid are pollutants). Thus, there can be no dispute that Diuron is a clearly a "pollutant" within the plain language of the Total Pollution Exclusion that "discharge[d], disperse[d], and seep[ed]" to cause the alleged damage.

Not surprisingly, Lang conceded in the Praetorian Action that Diuron is a pollutant and that the property damage alleged in the Underlying Suit arose out of the actual discharge, dispersal, seepage, migration, or release of a pollutant. SUF ¶ 21. Instead, Lang attempted to avoid the pollution exclusion by arguing that the vicarious liability and negligent hiring claims did not "implicate pollution." SUF Exhibit H at 6. Judge Graham properly rejected this argument, holding that all of the claims in the Underlying Complaint, including the vicarious liability claims, "were dependent upon the negligent use of the pollutant." Praetorian Order, SUF Exhibit I at 7.

An examination of the Underlying Complaint reveals that the Praetorian ruling is the correct result. Lang is the defendant in Counts II and III of the Underlying Complaint.

- In Count II of the Underlying Complaint alleging that Lang is vicariously liable for Lake & Wetland's negligence, Legacy claims that Lang "knew or should have known that the use of DIURON in water was improper, inherently dangerous, and/or normally involved a high risk of danger to the Plaintiff's property." Underlying Complaint, SUF Exhibit A ¶¶ 32, 33.

- In Count III of the Underlying Complaint alleging that Lang negligently hired Lake & Wetland, Legacy claims that Lang breached its duty of care in hiring a reasonably competent company to perform lake maintenance by hiring Lake & Wetland, "who improperly used Diuron in the Legacy Golf Course Lakes" and by failing to ensure "no improper chemicals were used in the maintenance of the Legacy Golf Course lakes." Underlying Complaint, SUF Exhibit A ¶¶ 34, 35.

7

The Total Pollution Exclusion bars coverage for "property damage" that would not have occurred, in whole or in part, but for actual or alleged pollution. It is the factual circumstances of the alleged "property damage" that implicates the exclusion, not the legal theory of liability pled. Accordingly, Nationwide has no duty to defend Lang in the Underlying Suit.

### B.     Nationwide Has No Duty to Indemnify Lang.

If Nationwide does not have a duty to defend Lang, it cannot have a duty to indemnify. Praetorian Order, SUF Exhibit I at 7. Under Florida law, the duty to defend is much broader than the duty to indemnify. *See, e.g.*, *Yachtsman's Inn*, 595 F. Supp. 2d at 1322; *Waserstein*, 424 F. Supp. 2d at 1332. It is axiomatic, then, that where an insurer has no duty to defend, the insurer necessarily has no duty to indemnify. *Waserstein*, 424 F. Supp. 2d at 1332. Because the plain language of Total Pollution Exclusion in the Nationwide Policies clearly excludes coverage for the Underlying Suit, Nationwide has no duty to indemnify Lang.

## CONCLUSION

In the Underlying Suit, any potential liability on the part of Lang is inextricably tied to the use and discharge of Diuron, a chemical herbicide Lang has already conceded is a pollutant and the sole cause of the damage claimed in the Underlying Suit. The damage alleged in the Underlying Suit is of precisely the type to be excluded by the plain language of the Total Pollution Exclusion, and as such, Nationwide is entitled to summary judgment that it owes no duty to defend or indemnify Lang in connection with the Underlying Suit.

WHEREFORE, for all the foregoing reasons and as set forth in affidavits, pleadings and exhibits filed herewith, Nationwide respectfully requests that this Court:

   a.   Find and declare that Nationwide has no duty to defend Lang in the Underlying Suit.

b. Find and declare that Nationwide has no duty to indemnify Lang for any potential judgments, damages, settlement monies, defense costs or attorney fees incurred or to be incurred in the Underlying Suit;

c. Enter an order declaring that Nationwide owes no coverage for any claims presented by Legacy as a result of the allegations contained in the Underlying Suit; and

d. Grant Nationwide the costs of this action and such other further relief as this Court deems just and proper under the evidence and circumstances.

DATED: July 19, 2010                                Respectfully Submitted,

NATIONWIDE MUTUAL INSURANCE COMPANY

By its Attorneys,

/s/ Gary F. Baumann
Gary F. Baumann
FULMER, LeROY, ALBEE, BAUMANN & GLASS
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Tel.: (954) 707-4430
Fax: (954) 707-4431
E-mail: gbaumann@FulmerLeRoy.com

-and-

Paul T. Sullivan
Catherine M. Colinvaux (*Pro Hac* admission pending)
Christine T. Phan
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300
Waltham, MA 02451
Tel: 781-466-0700
Fax: 781-466-0701
E-mail: psullivan@zelle.com
         ccolinvaux@zelle.com
         cphan@zelle.com

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served via first class mail, postage prepaid, to All Counsel of Record.

      /s/ Gary S. Baumann
Gary F. Baumann
FULMER, LeROY, ALBEE, BAUMANN & GLASS
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
Tel.:  (954) 707-4430
Fax:  (954) 707-4431
E-mail: gbaumann@FulmerLeRoy.com