IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

---

NATIONWIDE MUTUAL INSURANCE

COMPANY,

    Plaintiff,                                       Case No. 09-CV-14258-JEM

vs.

LANG MANAGEMENT, INC.,

    Defendant.

---

**NATIONWIDE MUTUAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO LANG MANAGEMENT INC.'S MOTION FOR SUMMARY JUDGMENT**

In papers filed in connection with the parties' cross motions for summary judgment, defendant Lang Management, Inc. ("Lang") has admitted essentially every fact and argument necessary to grant summary judgment for Nationwide. Specifically, Lang concedes that all damage claimed in the Underlying Suit styled *HFM, Inc. d/b/a Legacy Golf & Tennis Club, Inc. v. Lake & Wetland Management, Inc.*, No. 562009CA003319 (Fla. Cir. Ct.) arises out of the alleged use of the chemical Diuron in the lakes in and around the Legacy Golf Course. Lang Memorandum in Support of Motion for Summary Judgment at 6 (hereinafter "Lang SJ"). Lang concedes that under Florida law a court analyzing whether an insurer has a duty to defend should compare the allegations of the underlying complaint to the subject insurance policy. Lang SJ at 5. Lang further concedes that Diuron is a pollutant within the meaning of the Total Pollution Exclusion in the Nationwide Policies and that the Total Pollution Exclusion is unambiguous.

Lang SJ at 6; Lang Opposition to Nationwide's Motion for Summary Judgment at 5 (hereinafter "Lang Opp"). Given these admissions, it is clear that Nationwide has no duty to defend and consequently no duty to indemnify Lang in connection with the Underlying Suit.

## **ARGUMENT**

**I.   The Total Pollution Exclusion Should Be Read As a Whole to Exclude Coverage for the Underlying Suit.**

The Total Pollution Exclusion in the Nationwide Policies provides:

This insurance does not apply to:

f. Pollution

(1) "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

\*   \*   \*

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or asses the effects of "pollutants;" . . .

Lang admits that this exclusion is unambiguous and should be construed based on its plain meaning. Lang Opp. at 5. Lang further admits that Diuron is a pollutant and that all alleged "property damage" claimed in the Underlying Suit arose out of the "actual" or "alleged" "discharge, dispersal, seepage, migration, [or] release" of a "pollutant." Lang SJ at 6; Sullivan Affidavit, Ex. 1, Brown Deposition Transcript 38:4-7, 39:10-16 (hereinafter "Sullivan Aff."); Sullivan Aff, Ex. 2, Butzbach Deposition Transcript 22:7-24, 31:17-19; *see also* Praetorian Order at 7. Manifestly, therefore, section (1) of the exclusion applies to bar coverage for defense and indemnity of the Underlying Suit.

Nonetheless, in an effort to avoid the plain language of the Total Pollution Exclusion, Lang attempts to ignore section (1) of the Total Pollution Exclusion and instead focuses on section (2), arguing that the Exclusion only applies where there is also a "[r]equest, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or asses the effects of 'pollutants.'" This is a tortured reading of the Exclusion. To state the obvious, section (1) is separate from section (2) of the Total Pollution Exclusion. Section (1) of the Total Pollution Exclusion plainly bars coverage for "'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."  There is no language that suggests that section (2) limits section (1) in any way.  Since Lang concedes that the Underlying Complaint does not allege any other cause of the damage to the golf course other than the use of a pollutant, there can be no coverage under the Nationwide Policies. Lang SJ at 6.

Lang's efforts to distinguish Judge Graham's opinion in *Praetorian Specialty Ins. Co. v. PGA Village Prop. Owners' Assoc., Inc.*, No. 09-14196-Civ (S.D. Fla. June 23, 2010) are similarly unpersuasive.[1] Lang Opp. Ex. A (hereinafter the "Praetorian Order"). The language of the exclusions is slightly different, but not materially so in the context of the case before the Court. If anything, on the facts of this case the Nationwide language *even more definitively* precludes coverage for the claims against Lang than the Praetorian language. The Praetorian exclusion required that the "discharge, dispersal, seepage, migration or escape" of pollutants fall

---

[1] Lang spends much of its Opposition Memorandum discussing the doctrine of collateral estoppel. Lang Opp. at 1-4. However, Nationwide has never claimed that *Praetorian* has a preclusive effect on this action. Instead, Nationwide pointed to *Praetorian* as persuasive authority.

into one of four categories.[2] *See* Praetorian Order at 3. The Total Pollution Exclusion in the Nationwide Policies is not similarly limited, and its plain language bars coverage for all of the alleged damages claimed in the Underlying Action.

## II. The Total Pollution Exclusion Unambiguously Bars Coverage for All Claims Made Against Lang in the Underlying Suit.

The Underlying Complaint lodges two allegations against Lang. First, Count II alleges that Lang is vicariously liable for Lake & Wetland's actions in using Diuron on the Legacy Golf Course.[3] Second, Count III alleges that Lang negligently hired and supervised Lake & Wetland. Nationwide has no duty to defend Lang in the Underlying Suit because both claims made against Lang in the Underlying Suit are barred by the Total Pollution Exclusion in the Nationwide Policies. Though Lang unsuccessfully made an identical argument in the *Praetorian*, Lang again argues that Count III does not "implicate" the Total Pollution Exclusion. However, Count III expressly alleges that Lang breached its duty of care to Legacy by

    a.    hiring Defendant LAKE & WETLAND, who **improperly used DIURON** in the Legacy Golf Course lakes;

    b.    failing to hire a competent company to perform lake maintenance;

    c.    failing to adequately supervised Defendant, LAKE & WETLAND, so as to ensure that no **herbicide injury** to the Legacy Golf Course lakes would ensue;

    d.    failing to supervise Defendant, LAKE & WETLAND, so as to ensure that no **improper chemicals** were used in the maintenance of the Legacy Golf Course lakes;

    e.    failing to mitigate **damages caused by the herbicide** application into the Legacy Golf Course lakes and Golf Course property; and

---

[2] The *Praetorian* Court found that subsection (d) of the Praetorian exclusion is applicable. Praetorian Order at 6.

[3] Lang mistakenly refers to Count II as Count III and Count III as Count IV. Lang SJ at 6; Lang Opp. at 6.

>   f.  failing to mitigate damages once Defendant, LANG, knew that the Legacy Golf course was **damaged by Diuron**.

Underlying Complaint ¶ 35 (emphasis added). Each allegation is plainly based upon Lake & Wetland's improper use of Diuron on the Legacy Golf Course.

Furthermore, as explained in Nationwide's Memorandum in Support of its Motion for Summary Judgment, it is the factual circumstances of the alleged "property damage" that implicate the exclusion, not the legal theory of liability pled. Accordingly, Lang's focus on the legal elements required to prove a negligent hiring claim is misplaced. Since Lang concedes that the Underlying Complaint does not even hint at any other potential cause of alleged damage to the Legacy Golf Course other than the improper use of the pollutant, there is no coverage under the Nationwide Policies. Lang SJ at 6; Sullivan Aff., Ex. 1, Brown Deposition Transcript 38:4-7, 39:10-16 (hereinafter "Sullivan Aff."); Sullivan Aff, Ex. 2, Butzbach Deposition Transcript 22:7-24, 31:17-19; *see also* Praetorian Order at 7. Because Lang also admits that Count II implicates the Total Pollution Exclusion, Nationwide has no duty to defend Lang. Lang Statement of Material Undisputed Facts ¶ 3; Lang SJ at 6.

### III.  Nationwide Cannot Have a Duty to Indemnify Absent a Duty to Defend Lang.

Finally, Lang again attempts to argue that a duty to defend can exist in the absence of a duty to indemnify, another argument Lang unsuccessfully made in the *Praetorian* litigation.[4] Florida law is quite clear that the duty to defend is ***much*** broader than the duty to indemnify and

---

[4] Lang does not oppose Nationwide's Motion for Summary Judgment with respect to the duty to indemnify, instead Lang only filed a Motion to Stay in this action in which it propounded these same arguments. Nationwide incorporates by reference its response to Lang's Motion to Stay made on August 19, 2010 in its Opposition to Lang's Motion to Stay Resolution of Nationwide's Duty to Indemnify Lang.

in the absence of the duty to defend, there can be no duty to indemnify. Lang SJ at 5; Praetorian Order at 7; *see, e.g.*, *Yachtsman's Inn*, 595 F. Supp. 2d at 1322 ("[A] court's determination that the insurer has no duty to defend ***requires*** a finding that there is no duty to indemnify") (emphasis added); *Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325, 1332 (S.D. Fla. 2006). Not surprisingly, Lang does not cite a single case standing for the proposition that the duty to indemnify can exist in the absence of a duty to defend. In the cases cited by Lang, it had already been determined that the insurer had a duty to defend. In *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963 (Fla. 5th DCA 1996), the court determined that the complaint alleged facts sufficient to give rise to a duty to defend and the court ruled that a determination regarding the duty to indemnify would await resolution of the underlying suit. The obvious and important distinction is that in the case before the court, if Nationwide prevails on its motion for summary judgment with respect to the much broader duty to defend, it follows that there cannot be a duty to indemnify.

Because in all the cases Lang cites the insurer had already been adjudged to have a duty to defend, Lang's argument that the trial may reveal that the claimed damages were not caused by pollution but by an act covered by insurance is off the mark. The appropriate analysis under Florida law is to compare the allegations of the underlying complaint with the policy at issue. Lang SJ at 5. Because the plain language of Total Pollution Exclusion in the Nationwide Policies clearly excludes coverage for the Underlying Suit, Nationwide has no duty to indemnify Lang and Nationwide is entitled to judgment as a matter of law.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons and as set forth in affidavits, pleadings and exhibits filed herewith, Nationwide respectfully requests that this Court deny Lang's Motion for

Summary Judgment.

DATED:  August 26, 2010

Respectfully Submitted,

**NATIONWIDE MUTUAL INSURANCE COMPANY**

By its Attorneys,

/s/ Gary F. Baumann
Gary F. Baumann
FULMER, LeROY, ALBEE, BAUMANN & GLASS
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
Tel.:  (954) 707-4430
Fax:  (954) 707-4431
E-mail: gbaumann@FulmerLeRoy.com

-and-

Paul T. Sullivan
Catherine M. Colinvaux
Christine T. Phan
ZELLE HOFMANN VOELBEL & MASON LLP
950 Winter Street
Suite 1300
Waltham, MA 02451
Tel: 781-466-0700
Fax: 781-466-0701
E-mail: psullivan@zelle.com
        ccolinvaux@zelle.com
        cphan@zelle.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served via first class mail, postage prepaid, to All Counsel of Record.

/s/ Gary S. Baumann
Gary F. Baumann
FULMER, LeROY, ALBEE, BAUMANN & GLASS
2866 East Oakland Park Boulevard

Fort Lauderdale, FL  33306
Tel.:  (954) 707-4430
Fax:  (954) 707-4431
E-mail: gbaumann@FulmerLeRoy.com